The Court
were clearly of opinion that this evidence did not prove Brown indebted to Michael Ryan. The creditors of Michael Ryan have a right to attach debts due him, but *114 not debts due his children. The father may, if he please, put his children out to service, and take the wages, if such is the contract. But his creditors cannot compel him to compel his children to labor for his creditors. He is not, in this case, equitably entitled to the wages earned by the son, and that is a sufficient answer to the present plaintiff’s demand upon Brown.

The plaintiff became nonsuit as it respects the trustee.

(And it was said there was no action pending against the principal in this Court.)[1]
[Abstract of the above Decision in Manuscript Digest.]
“ A sum due the son of the principal debtor, under twenty-one, for labor under contract made with the son, is not attachable for a debt due the father. It is not equitably due him, even if he could recover it at law.” [2]

 By the record it would appear that the action was brought against the trustee, and not against the principal debtor; but that the declaration contained a full statement of Frost’s claim against Ryan, followed by an ad damnum. And it is also stated that “the said Michael Ryan, principal, being three times solemnly called, appeared not, but made default.”

 In Johnson v. Silsbee, 1870, 49 N. H. 543, it was held, that the relinquishment, by a father, to his minor child, of the right to the future earnings of the child, is valid against the existing creditors of the father. Besides the cases there cited, see an able decision to the same effect in Atwood v. Holcomb, 1872, 39 Conn. 270; s. c. 12 Am. Law Reg. n. s. 715; and also Dierker v. Hess, 1873, 54 Mo. 246, 250.
The New Hampshire statute of 1876, c. 14, provides that no trustee shall be charged on account of the personal services or earnings of the minor children of the defendant. Gen. Laws, c. 249, § 40.